# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: S.O. and K.B.

No. 16-0937 (Mingo County 15-JA-32 & 15-JA-33)

**FILED**

**March 24, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.B., by counsel Susan J. Van Zant, appeals the Circuit Court of Mingo County's September 1, 2016, order terminating her parental rights to seven-year-old S.O. and nine-year-old K.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response and a supplemental appendix in support of the circuit court's order. The guardian ad litem ("guardian"), Diana Carter Wiedel, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in requiring that post-termination visitations with the children be supervised.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2011, the DHHR filed a petition for abuse and neglect against petitioner alleging that the she and the children's fathers committed domestic violence in the presence of the children and that petitioner abused illegal drugs to the extent that it affected her ability to properly parent her children. After completing extensive services, the circuit court returned the children to petitioner's care and dismissed the underlying petition.

In May of 2015, the DHHR filed a petition for emergency custody of the children against petitioner alleging that she abused illegal drugs to the extent that she was unable to appropriately parent her children and failed to appropriately supervise her children. The DHHR also alleged

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). The Court notes that the proceedings below concerned additional children. However, petitioner raises no assignment of error in regard to these children on appeal. Accordingly, our holding in this memorandum decision does not concern the circuit court's rulings regarding these children.

that petitioner committed domestic violence in the presence of the children in that she stabbed S.O.'s father with a screwdriver.

The following month, the circuit court held an adjudicatory hearing during which it took judicial notice of the prior proceedings. The circuit court heard testimony that petitioner violated the circuit court's order in the previous abuse and neglect proceeding by allowing the children to have contact with their fathers whose parental rights had been terminated. The circuit court also heard evidence that petitioner left the children unsupervised in the home for extended periods of time. After considering the testimony, the circuit court adjudicated petitioner as an abusing parent and granted her a post-adjudicatory improvement period. The terms and conditions of petitioner's post-adjudicatory improvement period required her to participate in and complete all services recommended by the multidisciplinary team. Thereafter, the circuit court held a status hearing on petitioner's compliance with the terms and conditions of her post-adjudicatory improvement period. While the circuit court heard evidence that petitioner continued to associate with an inappropriate individual, the circuit court also heard testimony that petitioner was compliant with the terms of her post-adjudicatory improvement period. Accordingly, the circuit court continued her improvement period. Thereafter, the circuit court held another hearing in which it suspended petitioner's post-adjudicatory improvement period, except visitation.

In June of 2016, the circuit court held a dispositional hearing during which petitioner voluntarily relinquished her parental rights to S.O. and K.B. As part of her voluntarily relinquishment, petitioner agreed to supervised visitation with her children at the discretion of the children's maternal grandmother.[2] This appeal followed

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

---

[2]The circuit court terminated the parental rights of S.O.'s father and K.B.'s father in a prior abuse and neglect proceeding. According to the guardian, as of the filing of her response brief, the permanency plan for the children is adoption by their maternal grandmother.

On appeal, petitioner argues that the circuit court erred in denying her request for unsupervised visitation following the voluntarily relinquishment of her parental rights. This Court disagrees. We have previously held that

> A valid voluntary relinquishment of parental rights, effectuated in accordance with W. Va.Code § 49–6–7 (1977) (Repl.Vol.2004), includes a relinquishment of "rights to participate in the decisions affecting a minor child," W. Va.Code § 49–1–3(*o*) (1999) (Repl.Vol.2004), and causes the person relinquishing his/her parental rights to lose his/her status as a parent of that child.

Syl. Pt. 5, *In re Cesar L.*, 221 W.Va. 249, 654 S.E.2d 373 (2007). With respect to post-termination visitation, we previously have held that

> [w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well[-]being and would be in the child's best interest.

Syl. Pt. 5, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995). Under our holding in *Christina L.*, the decision to grant post-termination visitation is a discretionary one for the circuit court based on its consideration of the circumstances of the case before it. Here, petitioner voluntarily relinquished her parental rights and unambiguously agreed to supervised visitation at the discretion of the children's caretaker. Nothing in our statutory provisions or case law prevents a circuit court from allowing the custodian to exercise discretion in regard to post-termination visitation, and we therefore find no error in the circuit court's decision. Therefore, we decline to address petitioner's assignment of error.

For the foregoing reasons, we hereby affirm the circuit court's September 1, 2016, order.

Affirmed.

**ISSUED**: March 24, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3